UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
*Electronically filed*

| | |
|---|---|
| **H.C.** and **Y.C.**, minors by their Next Friend, T.M., et al.<br><br>Plaintiffs,<br><br>v.<br><br>**MIKE DeWINE**, et al.<br><br>Defendants. | Case No. 1:20-cv-00944<br><br>Judge Barrett<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL SUPPORTING DECLARATIONS AND EXHIBITS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

Now come the Plaintiffs, H.C. and Y.C., minors by their Next Friend, T.M., B.F., a minor by her Next Friend, D.R., and T.E., a minor by his Next Friends, K.T. and T.T (the "Plaintiff Relative Foster Children"), along with Plaintiffs T.M., D.R., K.T., and T.T. (the "Plaintiff Relative Foster Parents"), pursuant to Local Rule 5.2.1 move this Court for permission to file Plaintiffs' supporting declarations and exhibits to Plaintiffs' Motion for Class Certification under seal. In support, Plaintiffs state as follows:

1. Local Rule 5.2.1 requires parties to obtain leave of Court in order to file documents under seal.

2. The Plaintiff Relative Foster Children are minors who are in foster care in the State of Ohio, and placed in the care of their Next Friends and Plaintiff Relative Foster Parents. Plaintiffs'

Class Action Complaint alleges Defendant Ohio officials violate Plaintiffs' statutory rights by failing to pay federal Foster Care Maintenance Payments, pursuant to 42 U.S.C. §672, to approved Plaintiff Relative Foster Parents on behalf of eligible Plaintiff Relative Foster Children, and similarly situated Classes of Ohio Relative Foster Parents and Relative Foster Children. Plaintiffs seek solely declaratory and prospective injunctive relief.

3. Plaintiffs' claims against the Defendants involve intimate details including but not limited to their medical history, mental and psychological health, and involvement in the foster care system, and financial means.

4. In order to maintain the privacy of these intimate details, Plaintiffs seek leave of this Court to seal certain supporting declarations and documents they intend to file. Good cause exists to seal these papers because Plaintiffs' substantial privacy interests in the intimate details of their life outweigh any public interest served by opening these papers to the public.

5. Due to the Plaintiff Relative Foster Children's young age, the highly sensitive and private nature of the facts involved, the risk of retaliation they and their family potentially face, and the potential psychological harm they and their family would endure if these facts were made public, the Plaintiffs have strong privacy interests that must be protected by this Court. Moreover, Plaintiffs' privacy interests cannot be vindicated solely by permission to proceed pseudonymously, because even if they use pseudonyms, members of their community and potentially other members of the public could potentially identify them.

6. Any public interest served by allowing the public to learn these intimate personal details is far outweighed by the Plaintiffs' significant privacy interest, and the general public currently has no access to the documents and information Plaintiffs' seek to file under seal.

7. Sealing the record will not prejudice any of the parties in this case, because they are already aware of the Plaintiffs' identities and will have access to the information contained in Plaintiffs' sealed filings.

For the foregoing reasons, Plaintiffs respectfully urges this Court to GRANT this motion to seal their forthcoming declarations and supporting documents to Plaintiffs' Motion for Class Certification.

Respectfully submitted,

/s/ Jay R. Langenbahn (# 0009460)
Jay R. Langenbahn
**LINDHORST & DREIDAME, CO., L.P.A**
Trial Attorney for Plaintiffs
312 Walnut Street Suite 3100
Cincinnati, OH 45202
513-421-6630
jlangenbahn@lindhorstlaw.com

/s/ Richard F. Dawahare. Ky. Bar #17273
Richard F. Dawahare**
**RICHARD F. DAWAHARE, ESQ.**
3948 Palomar Blvd.
Lexington, Kentucky 40513
859-608-0200
rfdr@msn.com

/s/ Eric Thompson
Eric Thompson**
Ira Lustbader**
Stephanie Persson**
**CHILDREN'S RIGHTS**
88 Pine Street, Suite 800
New York, NY 10005
212-683-2210
ethompson@childrensrights.org
ilustbader@childrensrights.org
spersson@childrensrights.org

3

/s/ Daniel Turinsky
Daniel Turinsky**
Jonathan M. Kinney**
**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
212-335-4500
daniel.turinsky@us.dlapiper.com
jonathan.kinney@us.dlapiper.com

/s/ Erik J. Frick
Erik J. Frick**
**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
617-406-6000
erik.frick@us.dlapiper.com

/s/ Julie A. Gryce
Julie A. Gryce**
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
619-699-2700
julie.gryce@us.dlapiper.com

**Pro hac vice* application pending

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and also served a copy of the attached on Defendants at the addresses listed below:

**MIKE DeWINE,**
Office of the Governor
77 South High Street, 30th Floor,
Columbus, Ohio 43215

Also served on:

Mike DeWine, Governor of the State of Ohio
c/o Dave Yost, Ohio Attorney General
30 East Broad Street, 4th Floor,
Columbus, Ohio 43215

**KIMBERLY HALL,**
Director of the Ohio Department of Jobs and
Family Services,
The Ohio Department of Job & Family Services
30 East Broad Street, 31st Floor
Columbus, Ohio 43215-3414

Also served on:

Kimberly Hall, Director of the Ohio Department
Of Jobs and Family Services
c/o Dave Yost, Ohio Attorney General
30 East Broad Street, 14th Floor,
Columbus, Ohio 43215

/s/ Jay R. Langenbahn
Jay R. Langenbahn